1

2

3

4             **UNITED STATES DISTRICT COURT**

5                  **DISTRICT OF NEVADA**

6

ELISA WHITE,                                    )
7                                               )
                     Plaintiff,                 )
8                                               )        3:12-cv-00351-RCJ-WGC
          vs.                                   )
9                                               )
G.C. SERVICES, LP,                              )        **ORDER**
10                                              )
                     Defendant.                 )
11  _____    )

12        This case arises out of an alleged telephone call from a debt collector to a debtor at the

13  debtor's place of employment.  Pending before the Court is Defendant's motion to dismiss.  For

14  the reasons given herein, the Court grants the motion, with leave to amend.

15  **I.        FACTS AND PROCEDURAL HISTORY**

16        Plaintiff Elisa White alleges that Defendant G.C. Services, LP is a debt collector that

17  improperly called her at her workplace concerning her alleged debt despite having been informed

18  that her employer does not allow such communication. (*See* Compl. ¶ 7, June 25, 2012, ECF No.

19  1).  Plaintiff sued Defendant on a single cause of action under the Fair Debt Collection practices

20  Act ("FDCPA").  Defendant has moved to dismiss for failure to state a claim.

21  **II.       LEGAL STANDARDS**

22        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

23  claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

24  what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

25  (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

1   that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

2   12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

3   F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for

4   failure to state a claim, dismissal is appropriate only when the complaint does not give the

5   defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

6   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

7   sufficient to state a claim, the court will take all material allegations as true and construe them in

8   the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

9   Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

10   conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

11   *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

12   with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation

13   is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*,

14   550 U.S. at 555).

15        "Generally, a district court may not consider any material beyond the pleadings in ruling

16   on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

17   complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

18   *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents

19   whose contents are alleged in a complaint and whose authenticity no party questions, but which

20   are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

21   motion to dismiss" without converting the motion to dismiss into a motion for summary

22   judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule

23   of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

24   *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court

25   considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

1   summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

2   2001).

3   **III.     ANALYSIS**

4          Defendant argues that Plaintiff has simply recited the statute and has not pled any facts

5   making relief plausible.  In the brief Complaint, Plaintiff identifies violations of several

6   subsections of FDCPA: (1) 15 U.S.C. § 1692c(a)(1), communicating with a debtor at a time or

7   place known to be inconvenient to the debtor; (2) § 1692c(a)(3), communicating with a debtor at

8   her place of employment with knowledge or reason to know the employer does not permit such

9   communication; (3) § 1692d, engaging in conduct, the natural consequences of which is to

10  harass, oppress, or abuse; (4) § 1692e and e(10), using a false, deceptive, or misleading

11  representation in connection with collection; (5) § 1692f, using unfair and unconscionable means

12  in connection with collection.  Defendant is correct that most of the allegations are bare recitals

13  of the statute.  Plaintiff nearly sufficiently alleges a violation of § 1692c(a)(3), however, and that

14  Defendant is a debt collector under the statute.  Plaintiff specifically alleges that Defendant

15  attempted to contacted her concerning her debt after Defendant was in fact notified that her

16  employer does not allow such communication. (*See* Compl. ¶ 7).  Plaintiff need not plead this

17  communication with specificity, as she would have to do in a fraud action, which is the gravamen

18  of Defendant's argument.

19         Although a bare recital of a cause of action is usually not sufficient, in some cases it can

20  be.  For example, a bare claim that a defendant was negligent or assaulted a plaintiff is

21  insufficient, because such claims include no facts but only legal conclusions of negligence or

22  assault.  But where the required facts are sufficiently incorporated into the language of the

23  common law or statutory violation itself, a recitation of the statute may be sufficient.  Defendants

24  are protected from specious claims in such cases by Rule 11 just as they are in the former kinds

25  of cases.  If a recitation of a statute were *necessarily* insufficient to state a claim in all cases, a

1    plaintiff's pleading requirements would always be heightened one step beyond the specificity of

2    the conduct the Congress had made illegal.  For example, imagine that Congress has made it

3    illegal for a debt collector to "contact a debtor between 12 a.m. and 5 a.m. local time."  Applying

4    a per se rule against reciting a statute would mean that a claim that a debt collector contacted a

5    debtor "between 12 a.m. and 5 a.m. local time" would be insufficient, even though the claim

6    (which is clearly a claim of fact) states a statutory violation.  The point of *Iqbal* and *Twombly* is

7    that a plaintiff must plead not legal conclusions, but facts which if true indicate the legal

8    conclusion that the plaintiff is entitled to relief.  Where the required facts are incorporated into a

9    statute itself, as here, a recitation of the statute may be sufficient.

10          With respect to most of the provisions of FDCPA that Plaintiff pleads, her Complaint

11   simply states legal conclusions, because the provisions provide for broad legal standards

12   requiring some examination of facts—which Plaintiff does not plead—in order to determine

13   whether there has been a violation. (*See* Compl. ¶ 13(a), (c)–(f)).  But with respect to §

14   1692c(a)(3), Plaintiff has alleged that Defendant "attempted to communicate with Plaintiff at

15   [her] place of employment after being informed that Plaintiff's employer does not allow such

16   communication." (*Id.* ¶ 7).[1]  Although this tracks the language of the statute, it is itself a claim of

17   fact, not a legal conclusion under some broader standard.  Despite the fact that the claim tracks

18   the language of the statute, because the statute itself incorporates facts, such a recitation makes a

19   violation plausible.  If Defendant believes Plaintiff has no basis for making the claim, Defendant

20   is free to file a Rule 11 motion, but Plaintiff has nearly sufficiently pled facts indicating a

21   violation.

22          However, the allegations with respect to § 1692c(a)(3) are not quite insufficient in this

23   case, because Plaintiff alleges only an "attempted" communication.  Without facts indicating

24   _____

25          [1]Plaintiff writes "his," indicating that Plaintiff's counsel used a form complaint and did
     not edit it closely.

1   what this means, it is not plausible that any "attempt" constitutes an illegal communication.  An

2   attempt thwarted by an outage in telephone service would probably not constitute a

3   communication.  An attempt thwarted only by an employer's refusal to transfer the call after the

4   debt collector had in fact spoken to the employer would more likely constitute a prohibited

5   communication.

6                                              **CONCLUSION**

7          IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 7) is GRANTED, with

8   leave to amend.

9          IT IS SO ORDERED.

10  Dated this 2nd day of October, 2012.

11  _____

                          ROBERT C. JONES
12                        United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25